BARKER *v.* STATE.

(In Banc. Oct. 14, 1946.)

[27 So. (2d) 555. No. 36188.]

**O. F. & J. O. Moss,** both of Lucedale, and **Earl L. Wingo,** of Hattiesburg, for appellant.

418

**Greek. L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

420

**McGehee, J.,** delivered the opinion of the court.

The appellant was convicted and sentenced to serve a term of eighteen months in the state penitentiary under Section 2359, Code of 1942, which provides, among other things, that ''Any male person who shall have carnal knowledge of any unmarried female person of previously chaste character younger than himself, and over twelve and under eighteen years of age, upon conviction, shall be punished'' within certain limitations that may be fixed by the jury.

Section 2360, Code of 1942, provides that: ''In the trial of all cases under the last preceding section, it shall be presumed that the female was previously of chaste character, and the burden shall be upon the defendant to show that she was not; but no person shall be convicted upon the uncorroborated testimony of the injured female.''

In the instant case, the testimony of the prosecutrix was virtually uncorroborated as to her previously chaste character, whereas the defendant introduced two witnesses who resided in the locality where she lived who testified that her previous reputation for chastity was bad.

Moreover, all of the facts and circumstances in connection with the occasion complained of, when considered in connection with the testimony of the prosecutrix, are not sufficient to meet the challenge of the defendant as to her previous chastity. Her testimony on this vital issue is corroborated some by that of two witnesses, one of whom lived a distance of twenty and the other eight miles from the community where she resides. The former had not lived near her within the past four years, and it seems that the work of the latter prevented his being in that locality except infrequently.

In Wigmore on Evidence, Vol. 3, 3rd Ed., under Section 692 (Annotations), it is said that: "The general character is the estimation in which a person is held in the community where he has resided, and ordinarily the members of that community are the only proper witnesses to testify as to such character." Douglass v. Tousey, 2 Wend., N. Y., 352, 354, 20 Am. Dec. 616. And, while it may be that in these days of easy transportation when people are not only acquainted with what is going on in their own community but also in many others, a witness as to general reputation should not necessarily reside in the community where the subject of the inquiry may live, we are nevertheless of the opinion that under the facts of this particular case the two witnesses who testified as to the then reputation of the prosecutrix for chastity have not had sufficient opportunity to become familiar with such reputation as to be able to refute the testimony and the facts and circumstances tending to establish the contrary theory.

In other words, we are of the opinion that the verdict in this case is contrary to the greater weight of the evidence on this particular issue, and that the motion for a new trial should have been sustained. We do not take into account the second motion of the defendant for a new trial, which was filed after the adjournment of the court, on the ground of newly discovered evidence on this issue.

We have refrained from commenting on the facts in detail for the reason that, from what has been hereinabove stated, a new trial should be ordered. We will say, however, that no reversible error was committed as to the admission of any of the testimony. That to which serious objection was made by the defendant was a part of the res gestae and fully competent.

Reversed and remanded.

**Sydney Smith, C. J.,** did not participate in this decision.